UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENA BROWN,

        Plaintiff,

                                  Case No. 07-CV-10623
vs.                                    HON. GEORGE CARAM STEEH

DIAMOND FINANCIAL PRODUCTS,

        Defendant.

_____/

<u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#8)</u>

Defendant Diamond Financial Products (DFP) moves for summary judgment of plaintiff Dena Brown's claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq</u>.. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Brown, appearing <u>pro per</u>, filed a complaint on February 9, 2007 alleging she began working at DFP in February 2005 as a Call Center Representative, and asked several times without success to reduce her work-hours from 40 hours per week to 35 hours per week. Brown, who is black, alleges that she learned in January 2006 that a non-black co-employee was being permitted to work 35 hours per week, prompting her to again ask her supervisor Yelena Paykina if she could work less than 40 hours per week. Brown alleges that after this request was denied, she complained to Paykina and Paykina's supervisor Keith Byrd that she felt "this was not equal employment opportunity, and was discrimination." Brown alleges she was discharged two weeks later after being told she was an at will employee and that there was nothing she could do. Brown filed a charge of discrimination with the EEOC on March 8, 2006, and received a right-to-sue letter nine

months later on November 15, 2006. Brown alleges she was terminated in retaliation for complaining of race discrimination.

DFP filed the instant motion for summary judgment on September 7, 2007. Brown has not filed a response with the court. DFP filed a "reply" on November 19, 2007, asking that the court strike Brown's response brief. See November 29, 2007 Reply Brief, at 6, fn. 1. DFP argues it is entitled to summary judgment because: (1) Brown's employment contract required her to file a lawsuit within 180 days of the event or circumstances that gave rise to the lawsuit, or by August 26, 2006; and (2) Brown cannot prove her Title VII claim because she cannot prove she opposed an unlawful discriminatory act.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario,

Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

## I. Statute of Limitations

Title VII itself provides that a charge of unlawful discrimination must be filed with the EEOC within 180 days of the alleged discriminatory act, and the complainant must allow a minimum of 180 days for the claim to be administratively investigated. See 42 U.S.C. § 2000e-5(e), (f)(1). If the 180 days for the EEOC to investigate the claim expires without the administrative complaint being resolved, the EEOC is to notify the claimant in a right-to-sue letter that she has exhausted her administrative rights. See 42 U.S.C. § 2000e-5(f)(1). The complainant has 90 days from receipt of the right-to-sue letter to file a Title VII lawsuit. Id.

Under this statutory scheme, "Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time." Draper v. United States Pipe and Foundry Co., 527 F.2d 515, 522 (6th Cir. 1975). See also Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3rd. Cir. 2001) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) for the proposition that "the 180-day period for filing the administrative complaint and the 90-day period for filing the court action are treated as statutes of limitations."). If the plaintiff complies with the time requirements of Title VII, the lawsuit is not time barred. Draper, 527 F.2d at 522.

Brown complied with the Title VII statutes of limitations by filing her administrative complaint with the EEOC within two months of the alleged January 2006 incident, and by filing this lawsuit within three months after receiving a right-to-sue letter on November 15, 2006. State contract law is irrelevant in determining whether Brown's claim is time barred. Moreover, even if the court adopted a contractual reasonableness test, the asserted contractual 180-day limitations period conflicts with Congress's statutory scheme in that the EEOC itself is authorized by statute to take 180 days just to investigate a complaint of

discrimination. Under Title VII, "the statute of limitations does not begin to run unless and until there is 'final agency action,' such as the issuance of a right-to-sue letter." Burgh, 251 F.3d at 470-71. DFP's contractual 180-day limitations period, as measured from the time of the alleged discriminatory event, would bar Title VII claims before they even accrued. Brown's claim would have expired in July 2006, approximately 90 days into the EEOC's 180-day investigatory period and four months before Brown's claim accrued with her receipt of a right-to-sue letter in November 2006. Such a result is patently unreasonable. Dicta relied upon by DFP in Bates v. 84 Lumber Co., 205 Fed. App'x 317, 323-24 (2006), discussing without deciding the issue of contractually limiting the time period for filing FMLA claims, is not persuasive. Construing the pleadings and evidence in a light most favorable to Brown, Brown's Title VII claims are not time barred because they were filed within the time requirements of Title VII. Draper, 527 F.2d at 522.

## II. Merits

DFP argues Brown's protests to Paykina and Byrd, that their refusal to allow her to work 35 hours per week like her non-black co-worker "was not equal employment opportunity, and was discrimination," is too vague to constitute opposition to unlawful discrimination under Title VII. The court disagrees.

Unlawful retaliation under Title VII is proven by demonstrating: (1) the plaintiff was engaged in protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. Willoughby v. Allstate Ins. Co., 104 Fed. App'x 528, 530 (6th Cir. 2004) (citing Johnson v. U.S. Dep't of Health and Human Servs., 30 F.3d 45, 47 (6th Cir. 1997)). Under Title VII:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has *opposed* any practice made an unlawful employment practice by this subchapter, *or* because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

4

42 U.S.C. § 2000e-3(a) (emphasis added). "[A]ny activity by the employee prior to the instigation of statutory proceedings is to be considered pursuant to the opposition clause [of 42 U.S.C. § 2000e-3(a)]." Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1313 (6th Cir. 1989). It is an unlawful employment practice under Title VII to "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" Brown can thus prove that she was engaged in pre-filing activity protected by Title VII if she can show that she opposed a DFP practice of discriminating against black employees with respect to the term, condition, or privilege of working a 40-hour work-week. Brown is not required to prove that DFP's alleged practice was in fact unlawful, but only that she had a good faith belief that the alleged practice was unlawful. Brown & Williamson, 879 F.2d at 1312-13.

Construing the pleadings and limited proffered evidence in a light most favorable to Brown, reasonable jurors could conclude that Brown opposed what she believed in good faith to be a DFP discriminatory practice of permitting non-black Call Center Representatives to work 35-hour work-weeks, while black Call Center Representatives were denied the same term, condition, or privilege of employment because of their race. The context of Brown's allegations allows for a reasonable inference on this record as developed to date that Brown's complaints of an unequal "employment opportunity" and "discrimination" were understood by Paykina and Byrd to involve complaints of race discrimination. Whether Brown's protests to Pakina and Byrd constituted opposition to race discrimination as opposed to the correctness of DFP's decision to refuse Brown's request remains in reasonable dispute on this limited record. Compare Willoughby, 104 Fed. App'x at 531. Unlike the circumstances in Clark County School District v. Breeden, 532 U.S. 268, 271 (2001), where the Court held that the plaintiff could not have reasonably believed that

an isolated and vague sexual comment constituted unlawful discrimination, it remains subject to dispute whether Brown could conclude in good faith that DFP's denial of her request to work a 35-hour work-week constituted unlawful discrimination under Title VII.

In moving for summary judgment, DFP has not established by use of the materials specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. First Nat'l Bank, 391 U.S. at 270; McLean, 224 F.3d at 800. The evidence proffered by DFP is limited to Brown's employment application and Brown's EEOC pleadings and right-to-sue letter. No affidavits or testimonial evidence has been received. The dearth of an evidentiary record is not surprising, however, as DFP filed its motion for summary judgment the same day it filed its answer. There has been no discovery. The record evidence does not warrant a finding at this time that DFP must prevail on the merits of Brown's Title VII claim as a matter of law. Amway Distributors, 323 F.3d at 390.

### III. Conclusion

In closing, the court makes clear that, although DFP has failed to persuade the court that summary judgment is appropriate at this time, on this record, such does not suggest that plaintiff Brown has set forth an actionable claim that must ultimately proceed to trial. The parties will be advised in a separate scheduling order of the dates by which discovery must be completed and further dispositive motions filed. Plaintiff Brown is forewarned that she must abide by the Federal Court Rules and Local Court Rules, and must timely file any motions, responses, or replies with the court in addition to serving defendant DFP. Plaintiff Brown is also advised that she must respond to deposition notices and participate in discovery efforts by defendant as required. Unreasonable failures to do so will result in a

dismissal of this case.

For the reasons set forth above, DFP's motion for summary judgment is hereby DENIED.

SO ORDERED.

Dated: December 17, 2007

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 17, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk