UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENA BROWN,

       Plaintiff,

                                          Case No. 07-CV-10623
vs.                                        HON. GEORGE CARAM STEEH

DIAMOND FINANCIAL PRODUCTS,

       Defendant.

_____/

## ORDER DISMISSING SEPTEMBER 8, 2008 SHOW CAUSE ORDER (#21) AND SEPTEMBER 24, 2008 ORDER AMENDING SHOW CAUSE ORDER (#25)

Plaintiff Dena Brown was ordered to show cause on September 8, 2008 why her employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., should not be dismissed for lack of prosecution. Defendant Diamond Financial Products (DFP) disclosed on September 27, 2007 that Group Financial, LLC was doing business as DFP. On May 21, 2008, the court granted defense counsel's motion to withdraw its representation of DFP, and ordered DFP to secure alternate counsel within 30 days or face the possibility of default judgment in that limited liability companies must be represented by counsel. See In re ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 294 (Bkrtcy N.D. Ohio 2001). Although DFP failed to acquire counsel by June 21, 2008, Brown did not file a motion for default judgment or otherwise prosecute her claims against DFP, prompting the court to issue the September 8, 2008 show cause order.

Brown timely responded to the show cause order by averring that she did not pursue her claims against DFP because DFP's former counsel misinformed her that DFP was a "dissolved" Michigan corporation. Brown asked that she be permitted to continue prosecuting her claims against DFP and Group Financial, LLC because she recently

learned that DFP is an "active" Michigan corporation *and* the "assumed name" of Group Financial, LLC.  This apparent conflict – that DFP is an independent corporate entity and an assumed name for limited liability company Group Financial, LLC – caused the court to issue the September 24, 2008 amended order requiring Brown to explain the relationship between DFP and Group Financial, LLC, and why entry of default judgment against DFP would not operate as a judgment against Group Financial, LLC.[1]

Brown now responds with documentation that Group Financial, LLC is a Michigan limited liability company operating under the assumed name "Diamond Financial Products," or DFP.  This documentation is consistent with the September 27, 2007 declaration filed by DFP's then counsel that Group Financial, LLC is doing business under the assumed name DFP.  Brown asks the court to allow her to continue prosecuting her claims against DFP through the filling of a motion for default judgment.

Brown has not addressed the issue raised by the court of whether a judgment entered against DFP, an "assumed name" of Group Financial, LLC, will operate as a judgment against Group Financial, LLC.  An "Acknowledgment of Receipt of Summons and Complaint" was executed by the "HR Manager" for "Diamond Financial Products" on September 18, 2007 at "4000 Town Center, Suite 1000, Southfield, Michigan."  See Docket Entry No. 5.  The documentation filed by Brown on October 10, 2008 concerning Group Financial, LLC indicates a registered office address of "7001 Orchard Lake Rd Ste 422, W Bloomfield, MI 48322."

Considering the particular circumstances of this case initially involving a pro se plaintiff now represented by counsel, a limited liability company sued under its "assumed name" DFP, the execution of an acknowledgment of receipt of service by the defendant,

---

[1] The court also denied Brown's motion for leave to file an amended complaint and struck a First Amended Complaint filed by Brown on September 18, 2008 without leave of court.

and an appearance and subsequent withdrawal of counsel for DFP, the court finds that cause exists for allowing Brown to continue prosecuting her Title VII claims. The court makes no ruling today whether, as a matter of law, a judgment entered against DFP will operate as a judgment against Group Financial, LLC. Likewise, the court renders no opinion as to how Brown should proceed with her lawsuit other than to advise that Brown's subsequent failure to prosecute this lawsuit in a timely fashion will result in the dismissal of her claims without prejudice. Accordingly,

The court's September 8, 2008 Order to Show Cause, and September 24, 2008 Amended Order, are hereby DISMISSED. Brown shall proceed with the timely prosecution of her Title VII claims, and is hereby expressly advised that a subsequent failure to prosecute her claims in a timely manner will result in the dismissal of this lawsuit.

SO ORDERED.

Dated: October 20, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 20, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk